IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARA R.,[1]

        Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

        Defendant.

Civ. No. 6:19-cv-01168-AA

**OPINION & ORDER**

AIKEN, District Judge:

Plaintiff Sara R. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. The decision of the Commissioner is REVERSED and REMANDED for award of benefits.

## BACKGROUND

On April 29, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and on November 16, 2015 filed a Title XVI application for supplemental security income, both alleging disability beginning on September 30, 2014. Tr. 15. The application was denied initially and upon reconsideration and, at Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on May 16, 2018. *Id.* On June 19, 2018, the ALJ issued a decision finding Plaintiff not disabled. Tr. 26. On May 24, 2019, the

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff met the insured status requirements through December 31, 2017 and had not engaged in substantial gainful activity since the alleged onset date of September 30, 2014. Tr. 17.

At step two, the ALJ found that Plaintiff had the following medically determinable impairments: a bipolar disorder, an anxiety disorder, right hip degenerative joint disease, posttraumatic stress disorder, fibromyalgia, and hearing loss. Tr. 17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 18.

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following additional restrictions:

> Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk for six hours out of an eight-hour workday with regular breaks. The claimant can sit for six hours out of an eight-hour workday with regular breaks. The claimant is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying. The claimant can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. The claimant can occasionally stoop, kneel, crouch and crawl. The claimant can never work at unprotected heights, with moving mechanical parts, and can never operate a motor vehicle. The claimant can never have exposure to dust, odors, fumes and pulmonary irritants, or more than moderate noise. The claimant is limited to performing simple routine tasks and to make simple work-related decisions. The claimant can occasionally respond appropriately to coworkers, the public and supervisors. The claimant's time off task can be accommodated by normal breaks.

Tr. 20.

At step four, the ALJ determined that Plaintiff was unable to perform any of her past relevant work. Tr. 24. At step five, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 25. Specifically, the ALJ found that Plaintiff could perform work as an inserting machine operator, a collator operator, and a

photocopy machine operator. Tr. 26. As a result, the ALJ determined that Plaintiff was not disabled. *Id.*

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff asserts the ALJ erred by (1) discounting Plaintiff's subjective symptom testimony; (2) by failing to discuss lay witness testimony; (3) by discounting letters from Plaintiff's

counselors Sharon Guinee and Ruthann Duncan; and (4) by concluding that Plaintiff could perform work in the national economy.

    **I.**    **Subjective Symptom Testimony**

Plaintiff asserts that the ALJ erred by discounting her subjective symptom testimony. To determine whether a claimant's testimony is credible, an ALJ must perform a two-stage analysis. 20 C.F.R. § 416.929. The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). At the second stage of the credibility analysis, absent evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of symptoms. *Id*.

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (internal quotation marks and citation omitted). An ALJ may use "ordinary techniques of credibility evaluation" in assessing a claimant's credibility, such as prior inconsistent statements concerning the symptoms, testimony that appears less than candid, unexplained failure to seek treatment or follow a prescribed course of treatment, or a claimant's daily activities. *Id.*

At the hearing, Plaintiff testified that she last worked in September of 2014 as an in-home caregiver and she was able to live with her client. Tr. 48. In the course of her work, Plaintiff injured her back, which limited her ability to continue as a caregiver. Tr. 50. Plaintiff testified that she was unable to take the bus due to her back pain. Tr. 54-55.

In terms of mental health, Plaintiff testified that she "get[s] very overwhelmed emotionally," and that when she suffers an anxiety attack, she cannot be around people and sometimes is physically unable to move. Tr. 58-59. Plaintiff testified that negative interactions with other people will trigger an anxiety attack. Tr. 59. Plaintiff suffers from anxiety generally, which affects her ability to focus and maintain tasks. Tr. 60. Plaintiff also testified that she suffers from depression, which affects her on a daily basis. Tr. 60-61.

Plaintiff takes lamotrigine and prazosin for her mental health conditions. Tr. 57-58. She also takes gabapentin for her fibromyalgia and levoxyl for a thyroid condition. Tr. 58. Plaintiff will also smoke marijuana to cope with her anxiety. Tr. 65. Plaintiff testified that her medications are effective and have, in conjunction with therapy, decreased the frequency of her anxiety attacks, although she "c[ouldn't] say it's 100 percent." Tr. 58.

In assessing Plaintiff's subjective symptom testimony, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause *some of* the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 21.

First the ALJ found that Plaintiff's testimony was not fully consistent with the medical evidence. Tr. 21-22. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). For the reasons discussed below, the Court concludes that the other reasons advanced by the ALJ for discounting Plaintiff's testimony fall short. Even if the Court were to accept, for the sake of argument, that the medical record did not

fully support Plaintiff's claims, that reason would not be sufficient, standing alone, to support the rejection of Plaintiff's symptom testimony.

The ALJ also found Plaintiff's mental health impairments "was well controlled on Prozac except for exceptional circumstances." Tr. 22. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006). Although the record does contain some normal findings, *see e.g.*, Tr. 630 (showing normal mood and affect), the record also contains records supporting the existence of serious mental health impairments. *See, e.g.,* Tr. 606 (July 30, 2015 treatment note recording poor judgment, post-traumatic stress disorder, and bipolar disorder), 671 (October 19, 2016 treatment note assessing borderline personality disorder, bipolar affective disorder, and moderate depression), 736-37 (August 17, 2017 treatment note in which Plaintiff reports paranoia, suicidal ideation, and hallucinations and is assessed with impaired memory, below average cognitive function, angry mood, expansive affect, and impaired concentration), 980 (January 23, 2018 treatment note, Plaintiff presented with labile and tearful mood, circumstantial thought processes, and suicidal ideation). Although, as the ALJ observed, a treatment note from September 2015 indicated that Plaintiff was taking her Prozac regularly and "generally anxiety is well-controlled except for exceptional circumstances," the note goes on to state the Plaintiff has "[o]verall improvement but with recent stressors [it] is a little difficult to evaluate how well she is doing." Tr. 577-78. It is impermissible to "cherry-pick" instances of improved functioning to support an adverse credibility finding. *Ghanim*, 763 F.3d at 1164. The Ninth Circuit has "emphasized while discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). "Cycles of improvement

and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working." *Id.* This principle plainly applies to the present case and the ALJ's determination that Plaintiff's mental health conditions were well controlled with medication. The Court concludes that the ALJ erred in reaching that conclusion.

The Commissioner advances other reasons for discounting Plaintiff's subjective symptom testimony, such as the ALJ's brief observation that Plaintiff "was working for her room and board while living with her boyfriend." Tr. 22. The ALJ does not present this observation as a reason for concluding that Plaintiff's testimony was unreliable, however. Rather it is a single sentence in the middle of a paragraph discussing Plaintiff's history of mental impairments, alongside references to Plaintiff's history of abuse. *Id.* There is no discussion of the scope or nature of the work Plaintiff did in exchange for her room and board, nor did the ALJ provide any explanation for how this work undermined Plaintiff's testimony. Nor is it clear that the ALJ even intended to do so. The Commissioner's argument on this score amounts to impermissible *post hoc* rationalization and the Court cannot consider it as supporting the ALJ's ultimate conclusion.

In sum, the ALJ erred by discounting Plaintiff's subjective symptom testimony and the Court concludes that this error was harmful.

**II.    Lay Witness Testimony**

Plaintiff asserts that the ALJ erred by discounting the lay witness testimony of Plaintiff's daughter, Elizabeth H., who submitted a third-party function report in support of Plaintiff's applications. Tr. 372-84. An ALJ must take into account lay witness testimony as to the severity

of a plaintiff's symptoms. *Nguyen v. Charter*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ may discount lay witness testimony by providing "reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

In her report, Elizabeth H. stated that Plaintiff has "severe back pain," and is "unable to perform daily tasks without pain, let alone strenuous work." Tr. 372. Plaintiff is "partially deaf in both ears" and "needs resources to obtain hearing aids but even with them, her mental state effects how she uses them." Tr. 372-73. Elizbeth H. reported that Plaintiff is bipolar and suffers from a panic disorder, anxiety, and depression. Tr. 373. "This mental state makes it very hard sometimes to feel purpose or desire in life, let alone work." *Id.* In terms of daily activities, Elizabeth H. reported that Plaintiff "has to fight to get out of bed sometimes," and that she is responsible for household chores, and at the end of the day is "very tired, body hurts and then she can't sleep well without help from medication." *Id.* Elizbeth H. stated that Plaintiff has difficulty lifting, squatting, bending, standing, walking, sitting, kneeling, climbing stairs, and using her hands, as well as difficulty with memory, hearing, concentration, completing tasks, understanding and following instructions, and in getting along with others. Tr. 381. She can walk a few blocks before needing to stop and rest. Tr. 382.

Here, the ALJ did not provide a germane reason for discounting the lay witness evidence of Elizabeth H. The ALJ noted that he had "read and considered" all of the lay witness evidence and found that it "mirrored the subjective complaints from the claimant's testimony," and stated that "the undersigned finds the relevant medical evidence and other evidence in the case record are inconsistent with the statements by the claimant and the claimant's friends and daughter regarding the alleged intensity, persistence, and limiting effect of symptoms." Tr. 21. The ALJ does not, however, identify the inconsistency or give reasons for discounting Elizabeth H.'s testimony.

Competent lay witness evidence "*cannot* be disregarded without comment." *Nguyen*, 100 F.3d at 1467 (emphasis in original). "Lay witness testimony as to a claimant's *symptoms* is competent evidence which the Secretary must take into account, unless he expressly determines to disregard such testimony, in which case he must give reasons that are germane to each witness." *Id.* (emphasis in original, internal quotation marks and citation omitted). No such reasons were given for Elizabeth H.'s testimony and this was error. The Commissioner urges the Court to find this error harmless because the lay witness testimony is similar to Plaintiff's own testimony, but, as discussed in the previous section, the ALJ erred in discounting Plaintiff's testimony as well. The Court concludes that the ALJ's error was harmful because Elizabeth H.'s testimony addressed issues of concentration that were relevant to the ALJ's step five findings.

### III.  Counselor Reports

Plaintiff asserts that the ALJ erred by discounting the opinions of Plaintiff's counselors Sharon Guinee and Ruthann Duncan. "Under Ninth Circuit law, evidence from 'other sources' is considered under the same standard as that used to evaluate lay witness testimony, meaning the ALJ may reject it for reasons germane to the witness." *Bobbitt v. Colvin*, No. 03:12-cv-01320-HZ, 2014 WL 2993738, at *6 (D. Or. July 1, 2014).

Ms. Guinnee and Ms. Duncan submitted letter in which they summarized Plaintiff's report of her symptoms and included that Plaintiff's reports had been consistent since their first meeting on September 30, 2015. Tr. 776-77. The ALJ gave "little weight" to the statement because the "narrative letter does not provide any projected limitations of the claimant, and merely memorializes symptoms the claimant had reported to her providers. Tr. 22. The Court concludes that this is a germane reason for discounting the counselors' letter. The ALJ did not err in doing so.

**IV.    Remedy**

For the reasons set forth above, the Court concludes that the ALJ's decision contains harmful errors and must be reversed and remanded. The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted).

Here, crediting the evidence as true and considering the record as a whole, the Court is not left with uncertainty concerning disability and concludes that this case is appropriate for remand for award of benefits.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for immediate calculation and award of benefits.

It is so ORDERED and DATED this ____13th____ day of February 2023.

    /s/Ann Aiken_____
    ANN AIKEN
    United States District Judge